UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WRESTLEREUNION, LLC,

       Plaintiff,
vs.                                                        CASE NO. 8:07-CV-2093-T-27-MSS

LIVE NATION TELEVISION HOLDINGS, INC.,

       Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO ERIC BISCHOFF'S PERSONAL LIFE AND INCORPORATED MEMORANDUM OF LAW

Defendant ("Live Nation" or "Defendant") hereby respectfully moves this Court for an Order in limine excluding Plaintiff from referencing, including through testimony or argument, Eric Bischoff's personal life, consumption of alcohol, and any related issues. Such testimony or argument is unrelated to any matter, claim, or defense in this case, highly prejudicial, inflammatory, irrelevant and inadmissible. In support, Live Nation states:

Mr. Bischoff has been disclosed by Live Nation as an expert in this matter. Mr. Bischoff will opine as to the issues, generally summarized, as to whether Live Nation used reasonable efforts in marketing the video productions from Plaintiff's events, and the value, if any, of such video productions. Based on Plaintiff's "Motion in Limine" (Dkt. 100), Plaintiff apparently intends not only to elicit testimony from Mr. Bischoff regarding his consumption of alcohol on at least one occasion *eight years ago*, to damage his credibility, but also to impeach him with similar testimony elicited in a prior criminal case in which Mr. Bischoff was a nonparty witness.[1] Plaintiff's attempts to smear a nonparty witness based on unrelated conduct from nine years ago is desperate and shameless. Evidence is "relevant" if it has a "tendency to make the existence of

---

[1] *See* Dkt. 100, at 6-8. Plaintiff's counsel fails to mention that Mr. Bischoff's deposition was terminated before Mr. Bischoff could answer any questions regarding the prior testimony and incident because Plaintiff's counsel flung a copy of this testimony across the table at Mr. Bischoff, hitting him on the hands, after six and a half hours of deposition testimony. Plaintiff did not challenge the termination nor seek to reconvene the deposition.

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  Further, under Federal Rule of Evidence 403, the Court may exclude evidence when its probative value is substantially outweighed by its prejudicial effect. Credibility of witnesses, of course, lies within the province of the trier of fact, *see e.g., Hamer v. Atlanta*, 872 F.2d 1521, 1532 (11th Cir. 1989), and the Fed. R. Evid. provide methods of impeachment, *see* Fed. R. Evid. 608, 609, and 613.  However, evidence remains admissible only if there is any logical tendency of the evidence to make a witness' trial testimony less credible than it would be absent its introduction, provided its probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403.  *Staab v. Uniroyal Tire Co., Inc.*, 1994 WL 230634, *3 (W.D. Mo. 1994)(excluding *in limine* evidence of prior alcohol and drug use as irrelevant to product liability case); *Alexander v. CIT Tech. Financing Svcs., Inc.*, 217 F.Supp. 867, 882 (N.D. Ill. 2002)("[witness'] alleged use of alcohol or narcotics is irrelevant because this evidence does not have any tendency to make it more or less probable that [plaintiff] was subjected to harassment, discrimination, or retaliation [and] would constitute improper character evidence"). Here, any testimony or argument referencing Mr. Bischoff's alleged prior consumption of alcohol or personal sexual affairs years ago is not only irrelevant but also unduly prejudicial and inflammatory. Mr. Bischoff is not a party to this case, nor even a fact witness. His only role is in rebutting the uninformed opinion of Plaintiff's expert, Mr. Bowman.  Mr. Bischoff was the head of, at the time, the most successful "pro wrestling" organization in the world, and is currently a successful producer of several television shows and other entertainment ventures.  Plaintiff is clearly desperate to do anything to impugn the character of Mr. Bischoff, because the disparity in the experience and expertise between Mr. Bischoff and plaintiff's expert, Mr. Bowman, is so vast.  Plaintiff is simply attempting to distract and divert attention from the

relevant facts and issues -- Live Nation's marketing efforts and the true market value of the footage at issue (or lack thereof) -- by raising inflammatory and prejudicial personal attacks based on prior conduct from years ago wholly unrelated to the claims in this case. Mr. Bischoff's consumption of alcohol or personal life have no bearing whatsoever on or relation to the issues to be determined in this case. Such information can in no way tend to make the existence of any fact that is of consequence to the determination of Plaintiff's breach of contract claim more or less probable than it would be without same. Rather, such testimony or argument will inevitably only serve to prejudice Live Nation. Accordingly, even if such testimony could have any probative value, which is cannot, such value is substantially outweighed by the prejudicial effect of same.

The undersigned certifies that he and co-counsel, Dawn Giebler-Millner, conferred in good faith with Plaintiff's counsel, who indicated he did not intend to make any reference at trial to the 2001 incident, but was otherwise unable to agree upon the relief sought herein.

### Conclusion

Wherefore, Live Nation respectfully requests an Order, in limine, precluding any reference through testimony or argument, to any aspect of Mr. Bischoff's alcohol consumption, personal life, or the 2001 incident referred to in Plaintiff's Motion in Limine.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Ave., Suite 650
Orlando, Florida  32801
Telephone:  (407) 420-1000
Facsimile:  (407) 841-1295
s/**Gregory W. Herbert**
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Dawn Giebler-Millner
Florida Bar No. 856576
gieblerd@gtlaw.com

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of August, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ryan Christopher Rodems, Esq.,** rodems@barkerrodemsandcook.com.

                                                   **s/Gregory W. Herbert**
                                                   Gregory W. Herbert

*HOU 406,735,001v1 8-21-09*